(54 Misc. Rep. 9)

PEOPLE ex rel. HEBBARD v. WALSH.

(Supreme Court, Special Term, New York County. April, 1907.)

HUSBAND AND WIFE—ABANDONMENT—BOND FOR SUPPORT.

Under Greater New York Charter, Laws 1901, p. 283, c. 466, § 690, requiring a magistrate, on proof that a recovery was had on a bond given by defendant on conviction of abandonment of wife under section 686 (page 279), to issue a warrant and require defendant to give new security, it should appear by affidavit that a recovery was had on the bond, and a new information against the defendant is not required.

Application by the people, on the relation of one Hebbard, for writ of mandamus to James J. Walsh. Application denied.

Herman Stiefel, Asst. Corp. Counsel, for the motion.
James J. Walsh, opposed.

GREENBAUM, J. Section 690 of the New York charter (Laws 1901, p. 283, c. 466), doubtless, is an innovation in abandonment proceedings, designed to overcome the delay and consequent hardship

to deserted wives and children, the result under the former practice. It is to be observed that it does not contemplate a proceeding de novo. It is designed to operate as an enforcement of the order theretofore made by a magistrate against a defendant who shall have been found guilty of the charge of abandonment. Greater New York Charter, § 685. The language of section 690 clearly requires the magistrate, upon proof that a recovery was had upon the bond given by a defendant upon conviction pursuant to section 686 of the charter, to issue the warrant prescribed in section 690 and to require the defendant to give new security as therein provided. That proof would ordinarily be sufficient by the production of a transcript of judgment, accompanied by the affidavit of the person who is personally familiar with the action taken on the bond setting forth in detail the action taken upon the bond, and I do not think that a new information must be lodged against the defendant in the manner required when the proceedings were originally instituted. Inasmuch as the magistrate not only places his refusal to issuing the warrant upon the ground that he is not obliged to act upon an affidavit, but upon the further ground that the facts submitted to him were insufficient, I am inclined to hold that the latter objection was well taken. A perusal of the affidavit of the assistant corporation counsel shows that he does not allege that the action referred to in his affidavit was taken upon the bond, or, more accurately speaking, upon the undertaking, given by the defendant under section 686. No copy of the undertaking was annexed to his affidavit, and all he avers with reference to an action is that he "caused an action to be begun," etc., without alleging that the action was upon the undertaking. In view of the insufficiency of the affidavits, the mandamus will be denied.

Application denied.